# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONAVAN DALTON** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **UNITED STATES OF AMERICA** | * | **MAGISTRATE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Donavan Dalton (hereinafter sometimes referred to as "Plaintiff"), who for the purpose of asserting claims against Defendant, the United States of America (hereinafter sometimes referred to as "United States"), respectfully avers as follows:

## PARTIES

1.

The Plaintiff is as follows:

   a. Plaintiff, Donavan Dalton, is a citizen and resident of the of the Parish of East Baton Rouge, State of Louisiana, United States of America, and of the full age of majority.

2.

The Defendant is as follows:

   a. Defendant, United States of America, on behalf of Federal Emergency Management Agency, an independent establishment of the executive branch of the federal government of the United States of America.

## JURISDICTION

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 2671 and 28 U.S.C. § 1346(b)(1) in that this is a claim against the Defendant, United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## VENUE

4.

Venue is proper in this Court under 28 U.S.C. § 1402(b) because the Plaintiff is a resident and citizen of East Baton Rouge Parish, Louisiana, encompassed within the Middle District of Louisiana, and also because the act or omission at issue occurred in East Baton Rouge Parish, which is in the Middle District of Louisiana.

## CONDITIONS PRECEDENT

5.

Plaintiff timely presented his claim in writing to the United States by submitting an SF-95 (including his sum certain demand) and supporting documentation to the proper United States agency, the Federal Emergency Management Agency, within two years of the date of the acts made the subject of this litigation.

6.

The Federal Emergency Management Agency has denied the claim in writing on December 19, 2025, pursuant to 44 CFR § 11.18(a). Therefore, this suit is authorized under 28 U.S.C. § 2675(a) and 2401.

## FACTS

7.

On or about October 10, 2023, Plaintiff, **Donavan Dalton**, was the operator of a 2021 Dodge Challenger which he owned and was driving westbound on Interstate 10 in Baton Rouge, Louisiana.

8.

On the same date and time, Federal Emergency Management Agency employee, Gerard Ducote, was the operator of a 2023 Toyota Highlander and was also driving westbound on Interstate 10, Baton Rouge, Louisiana, in the lane adjacent to the Plaintiff's vehicle to the left.

9.

As Mr. Dalton proceeded on Interstate 10, the Toyota vehicle operated by Gerard Ducote suddenly and without warning merged into the lane occupied by Plaintiff's which caused the Toyota vehicle to impact the driver's side of Plaintiff's Dodge Challenger.

10.

Plaintiff, Donavan Dalton, in no way contributed to any cause of this accident and at all times pertinent hereto, Donavan Dalton operated his vehicle in a safe and reasonable manner.

11.

At all relevant times herein, Mr. Ducote was in the course and scope of his employment with Defendant, the United States, through the Federal Emergency Management Agency, or Mr. Ducote was on a mission for or acting in furtherance of the business of the United States through the Federal Emergency Management Agency. In any event, the United States is vicariously liable for the negligent acts and/or omissions of Mr. Ducote through the doctrine of *respondeat superior*.

12.

The collision described above was caused by the recklessness, carelessness, negligence and fault of Mr. Gerard Ducote, in the following non-exclusive particulars, to wit:

    a.   Failing to keep a proper look out and exercise appropriate caution;

b.  Failing to operate his vehicle in a reasonably prudent manner;

c.  Failing to maintain his vehicle in his lane;

d.  Failing to see things he should have seen and do things he should have done;

e.  Failing to keep his vehicle under control, and operating without the necessary skill, so as to keep his vehicle from striking the Upshaw vehicle; and

f.  Operating his vehicle in a wanton and reckless manner with no regard for the rights and safety of others.

13.

Plaintiff further alleges that the injuries and damages he sustained in this collision were proximately and legally caused, in whole or in part, by the direct negligence of Defendant, the United States through the Federal Emergency Management Agency, including but not limited to the following negligent acts and omissions:

A.  Negligent entrustment of the subject vehicle to Mr. Ducote;

B.  Failure to properly train Mr. Ducote; with regard to his work performed for or on behalf of the United States through the Federal Emergency Management Agency;

C.  Negligent hiring and retention of Mr. Ducote;

D.  Failure to properly supervise Mr. Ducote; with regard to his work performed for or on behalf of the United States through the Federal Emergency Management Agency.

14.

As a direct result of this motor vehicle collision and the negligence of the United States through the Federal Emergency Management Agency and its employee, Mr. Ducote, Plaintiff has suffered significant injuries and substantial damages.

15.

The conduct, actions, omissions, and negligence of the United States through the Federal Emergency Management Agency and Mr. Ducote directly caused, proximately caused, and/or was a substantial factor in causing Plaintiff's damages.

16.

Plaintiff's injuries required medical treatment and caused substantial pain and suffering.

17.

As a result of the accident, Plaintiff suffered significant bodily injury. Plaintiff shows that he sustained the following damages as a result of the acts and/or omissions and negligent conduct of the United States through the Federal Emergency Management Agency and Mr. Ducote:

A. Physical pain and suffering – past, present, and future;

B. Mental pain, anguish, and distress – past, present, and future;

C. Medical expenses – past, present, and future;

D. Loss of enjoyment of life – past, present, and future;

E. Disability – past, present, and future;

F. Impairment of earning capacity – past, present, and future;

G. Loss wages; and

H. Property Damage.

18.

Plaintiff avers that it may be necessary to employ experts to testify in this matter and that the expert fees should be fixed and taxed as costs and that the Defendants should be condemned to pay all costs, including expert fees.

**WHEREFORE**, Plaintiff, Donavan Dalton, prays that Defendant, the United States of America, be cited, made to appear, and answer; and, after all due proceedings are had, that there

be a judgment in favor of Plaintiff for appropriate amounts for their damages, plus costs, expenses, expert fees, interest, etc. against the Defendant for the following:

A.    Past, present and future pain and suffering;

B.    Past, present and future mental pain and anguish;

C.    Past, present and future lost wages;

D.    Past, present and future medical expenses;

E.    Loss of enjoyment of life;

F.    Loss of earning capacity;

G.    Property damage; and

H.    Pre-judgment and post-judgment interest.

Plaintiff further prays for any and all general and equitable relief as the Court may deem just and proper.

Respectfully Submitted:

**ROZAS LAW FIRM, LLC**

By: */s/ Christopher J. Roy III*
   Greg A. Rozas, Bar Roll No. 25228
   Paul J. Tanner, Bar Roll No. 34175
   Christopher J. Roy III, Bar Roll No. 38884
   9332 Bluebonnet Blvd.
   Baton Rouge, Louisiana 70810
   Telephone: (225) 343-0010
   Facsimile: (225) 343-5018
      greg@rozasinjurylaw.com
      paul@rozasinjurylaw.com
      chris@rozasinjurylaw.com
      *Attorneys for Plaintiff, Donavan Dalton*